UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAREN ZARZA,

        Plaintiff,

v.

BOARD OF REGENTS OF THE
UNIVERSITY OF MICHIGAN,

        Defendant.

_____/

Case No. 18-cv-13862

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
DAVID R. GRAND

## ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL DISMISSAL [4]

On December 12, 2018, Plaintiff Karen Zarza, through counsel, commenced this employment discrimination retaliation action against Defendant Board of Regents of the University of Michigan ("U of M"). Before the Court is Defendant's Motion for Partial Dismissal Pursuant to Fed. R. Civ. P. 12(b)(1) [4] filed on April 10, 2019. The Court now finds the Motion suitable for determination without a hearing, in accordance with Local Rule 7.1(f)(2). For the reasons explained below, the Court will **GRANT** Defendant's Motion and **DISMISS without prejudice** Counts II-V of the Complaint.

### STATEMENT OF FACTS

In October 2003, Plaintiff Karen Zarza began working for Defendant U of M as a janitorial supervisor. In August 2013, and again in July 2014, one of Plaintiff's custodian subordinates injured himself on the job. On July 20, 2015, the custodian

filed a workers' compensation action pertaining to the injuries that occurred at work under Plaintiff's supervision.

After pursuing the workers' compensation claim, the custodian was fired. On May 8, 2017, the custodian filed an employment discrimination action against U of M in federal district court. Plaintiff, as the custodian's supervisor and as the employee who prepared the incident reports following his accidents, testified in connection with the district court lawsuit.

On May 11, 2017, Plaintiff met with the head of her department to discuss the custodian's termination. At the meeting, she informed the department head of her belief that the custodian had been wrongfully terminated. She also accused U of M of fabricating evidence in connection with the custodian's termination.

On May 25, 2017, Plaintiff had a second meeting with the department head, a human resources representative, and her office manager concerning the custodian's case. Plaintiff claims that, at this meeting, she advised her department head that she would testify honestly in the ongoing lawsuit, which included disclosing her objections to U of M's treatment of the custodian.

Following the meetings with her superiors, Plaintiff began experiencing harassment and hostility in the workplace. On September 11, 2017, Plaintiff was placed on administrative leave. On November 10, 2017, she was fired.

On April 13, 2018, Plaintiff filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). On September 13, 2018, the EEOC issued a Notice of a Right to Sue.

## PROCEDURAL HISTORY

On December 12, 2018, Plaintiff commenced this action alleging retaliation under Section 504 of the Rehabilitation Act (Count I), the Americans with Disabilities Act ("ADA") (Count II), Michigan's Persons with Disabilities Civil Rights Act ("PWDCRA") (Count III), the Family Medical Leave Act ("FMLA") (Count IV), and Michigan's Worker's Disability Compensation Act ("WDCA") (Count V).

Plaintiff seeks monetary damages and a declaration that U of M's actions constitute unlawful employment practices in violation of Section 504, the ADA, PWDCRA, FMLA, and WDCA.

On April 10, 2019, Defendant filed this Motion for Partial Dismissal pursuant to Fed. R. Civ. P. 12(b)(1) [4]. Plaintiff filed a Response [7] on April 24, 2019. Defendant filed a Reply [9] on May 1, 2019.

## LEGAL STANDARD

Defendant moves to dismiss Counts II-V pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. "Where subject matter jurisdiction is challenged pursuant to 12(b)(1), the plaintiff has the burden of proving jurisdiction

in order to survive the motion." *Mich. S. R.R. Co. v. Branch & St. Joseph Cntys. Rail Users Ass'n., Inc.*, 287 F.3d 568, 573 (6th Cir. 2002).

**ANALYSIS**

U of M moves to dismiss Counts II-V on the grounds that it is entitled to Eleventh Amendment sovereign immunity. The Eleventh Amendment "deprives federal courts of subject-matter jurisdiction when a citizen sues his own State unless the State waives its immunity or Congress abrogates that sovereign immunity." *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–100 (1984)).

The U of M Board of Regents is a department of the state and is thus protected by the Eleventh Amendment. *See Estate of Ritter v. University of Michigan*, 851 F.2d 846 (6th Cir. 1988). It is undisputed that U of M has not waived its sovereign immunity in this case. Because neither Title I of the ADA nor the FMLA abrogates the state's Eleventh Amendment immunity, Plaintiff may not sue U of M for money damages under these statutes. *See Coleman v. Court of Appeals of Maryland*, 566 U.S. 30, 33 (2012); *Whitfield v. Tennessee*, 639 F.3d 253, 257 (6th Cir. 2011) (internal citations omitted).

Plaintiff, however, claims that she may sue U of M for injunctive relief under *Ex parte Young*, 209 U.S. 123 (1908). The *Ex parte Young* doctrine provides that a plaintiff may sue a state official acting in his or her official capacity for prospective

injunctive relief to end a continuing violation of federal law. *Whitfield*, 639 F.3d at 257 (quoting *Carten v. Kent State Univ.*, 282 F.3d 391, 395 (6th Cir. 2002)).

*Ex parte Young* does not save Plaintiff's ADA and FMLA claims. Plaintiff is suing the U of M Board of Regents, which is a state entity; she is not suing a state official acting in his or her official capacity. In fact, Plaintiff has not named any U of M official, employee, or member of the Board of Regents in this action. Even if the Court were to construe the Complaint as seeking prospective injunctive relief as Plaintiff suggests, U of M, the sole defendant here, is protected by sovereign immunity. *See Taylor v. Univ. of Michigan*, No. 17-11473, 2018 WL 1322395, at *6 (E.D. Mich. Feb. 23, 2018), *report and recommendation adopted,* No. 17-cv-11473, 2018 WL 1316165 (E.D. Mich. Mar. 14, 2018).

Plaintiff's state law claims under the PWDCRA and WCDA also fail. "States' constitutional immunity from suit prohibits *all* state-law claims filed against a State in federal court, whether those claims are monetary or injunctive in nature." *Ernst v. Rising*, 427 F.3d 351, 368 (6th Cir. 2005) (citing *Pennhurst*, 465 U.S. at 12); *see also Farhat v. Michigan Dep't of Corr.*, No. 12-cv-10864, 2012 WL 5874813, at *3 (E.D. Mich. Nov. 20, 2012). U of M, as an arm of the State, is entitled to Eleventh Amendment sovereign immunity on the PWDCRA and WDCA claims brought against it this Court.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Partial Dismissal [4] is **GRANTED.**

**IT IS FURTHER ORDERED** that Counts II-V are **DISMISSED without prejudice.**

**SO ORDERED**.


s/Arthur J. Tarnow
Arthur J. Tarnow

Dated: August 5, 2019       Senior United States District Judge